IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FLOYD DELOACH, JR., | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.7:07-CV-1 (HL) |
| Lt. ELKINS; Nurse FILMORE; Officer GASKIN; Officer LANE, | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **FLOYD DELOACH, JR.,** an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two

elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that Officer Lane threatens and intimidates him. Plaintiff alleges that he "seriously fear[s] this [officer] will attack [him] when the time is ready (sic) available."

Plaintiff alleges no physical injury based on Officer Lane's actions; consequently his claims of fear and worry are insufficient to state a cause of action under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(e)(explaining that a federal civil action may not be brought by a prisoner for a mental or emotional injury suffered while in custody without a showing of physical injury). Courts have held that allegations of threats by prison officials are not actionable under § 1983. *Stacey v. Ford,* 554 F. Supp. 8 (N.D. Ga. 1982).

Accordingly, the Undersigned **RECOMMENDS** that Officer Lane be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff lists Nurse Filmore as a defendant in this action. However, in the body of his complaint, plaintiff makes no allegations whatsoever against this defendant.

For this reason, the Undersigned **RECOMMENDS** that Nurse Filmore be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

      **SO RECOMMENDED**, this 17th day of January, 2007.


                                      */s/ Richard L. Hodge*
                                      RICHARD L. HODGE
                                      UNITED STATES MAGISTRATE JUDGE

lnb