IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FLOYD DELOACH, JR., | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7 : 07-CV-01 (HL)** |
| Lt. ELKINS, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action is plaintiff's motion for a temporary restraining order against defendant Sgt. Gaskins. (Doc. 10).

Plaintiff states that this defendant has repeatedly threatened him as a result of having filed numerous lawsuits. However, this defendant is employed at Lowndes County Jail, and all the allegations, including those in the presently pending motion, occurred at Lowndes County Jail. Plaintiff is currently confined at Johnson State Prison in Wrightsville, Georgia, apparently having transferred shortly after filing this motion.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or

compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983)  (quoting  Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

It does not appear that plaintiff can prevail in showing that he entitled to a preliminary injunction.  The harm alleged is no longer imminent, as plaintiff has transferred to another institution and does not have contact with this defendant.  Moreover, a prisoner's claims for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains.  Zatler v. Wainwright, 802 F.2d 397, 399(11th Cir. 1986).

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th day of January, 2008.

                                                        //S Richard L. Hodge  
                                                        RICHARD L. HODGE  
                                                        UNITED STATES MAGISTRATE JUDGE

msd